```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
        v.                    )    Cr. No. 04-10037-MLW
                              )
YASIM TAHSIR                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 25, 2004

Defendant Yasim Tahsir has been indicted for unlawfully reentering the United States after being deported, in violation of 8 U.S.C. § 1326, and has been detained. On March 22, 2004, the government filed a "Notice of Dismissal of Indictment" seeking to terminate this case pursuant to Federal Rule of Criminal Procedure 48(a). It has, however, provided no reason for its representation in the Notice that "dismissal is in the interest of justice."

Rule 48(a) provides in pertinent part, that "[t]he government may, with leave of court, dismiss an indictment . . ." (emphasis added). "Since the court must exercise a sound judicial discretion in considering a request for dismissal, it must have factual information supporting the recommendation." 3B Wright & Miller, Federal Practice and Procedure § 812, at 325-27 (3d ed. 2004); see also United States v. Salinas, 693 F.2d 348, 352 (5th Cir. 1982) ("[T]he prosecutor is under an obligation to supply sufficient reasons [for dismissal] – reasons that constitute more than a mere conclusory interest."); United States v. Ammidown, 497 F.2d 615, 620 (D.C. Cir. 1973) ("[I]n the exercise of its responsibility [under Rule 48(a)], the court will not be content with a mere

conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis."); United States v. Greater Blouse, Skirt & Neckware Contractors Assoc., 228 F. Supp. 483, 486 (S.D.N.Y. 1964) (Weinfeld, J.) ("[T]he Rule contemplates public exposure of the reasons for the abandonment of an indictment . . .").

The Department of Justice has broad discretion in deciding whether to continue a criminal prosecution. See, e.g., United States v. Martin, 287 F.3d 609, 623 (7th Cir. 2002). However, that discretion is not unlimited. Id.

> Rule 48 of the Federal Rules of Criminal Procedure, requiring "leave of court" to dismiss an indictment, checks the discretionary power of the prosecutor to seek a nolle prosequi and later reindict on the same charges. Rule 48 allows a court to ensure the fair administration of justice and prevent harassment of a defendant. The leave of court requirement does not allow the judiciary to exercise executive powers; rather the condition protects the justice system judges oversee from misuse after proceedings have been initiated by the executive.

Id. (internal citations omitted).

Accordingly, it is hereby ORDERED that, by March 29, 2004:

1.  The government shall file a motion to dismiss this case pursuant to Federal Rule of Criminal Procedure 48(a), and a supporting affidavit stating the reasons and factual basis for that request.

2.   The defendant shall state whether he objects to the dismissal of this case.

>   /s/ MARK L. WOLF
>   UNITED STATES DISTRICT JUDGE